995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Harrel JACKSON, aka Rashad Ali Muhammad, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Dept. of Corrections, et al.,
Defendants-Appellees.
 No. 93-15059.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Harris Jackson, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that prison officials violated his right of access to the courts. We review de novo, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and we affirm.
 
 I. Access to Courts
 
 3
 Jackson contends that prison officials denied him meaningful access to the courts because he was required to contact his counsel by mail instead of by telephone.
 
 
 4
 Prison officials must provide inmates with meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). If an inmate's claims do not involve the denial of access to adequate law libraries or legal assistance, the inmate must allege an actual injury, or a specific instance in which the inmate was actually denied court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 5
 Jackson contends that he was injured because his inability to contact his counsel by phone caused him to file his 28 U.S.C. § 2254 habeas petition prematurely, and thereby procedurally default on the claims raised in the petition. Contrary to Jackson's contention, his habeas petition was dismissed without prejudice because he failed to exhaust his available state remedies by presenting his claims to state court. See Jackson v. Goldsmith, CIV 89-1923-PCT-ECH (MS), Report and Recommendation at 6 (D.Ariz. July 10, 1990). The dismissal without prejudice of Jackson's habeas petition has no bearing on whether Jackson is procedurally barred from bringing his federal claims in state court. Accordingly, the district court properly found that Jackson had not suffered an actual injury.
 
 II. Internal Management Policy 418.1
 
 6
 Jackson contends that Arizona Department of Corrections Internal Management Policy 418.1, which regulates inmate telephone calls to counsel, creates a constitutionally protected liberty interest.
 
 
 7
 "A state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir.1985). Management Policy 418.1 provides that legal calls shall be made "in accordance with inmate need and security/staff consideration." Because Management Policy 418.1 does not "impose substantive limitations on the exercise of official discretion," Baumann, 754 F.2d at 845, it does not create a constitutionally protected liberty interest. Accordingly, the district court's judgment is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3